28797.   HOLLOMAN *v.* BOLEN *et al.*

DECIDED MARCH 20, 1941.

*Howard, Tiller & Howard,* for plaintiff in error.

*J. C. Savage, J. C. Murphy, E. L. Sterne, Frank A. Hooper Jr.,* contra.

STEPHENS, P. J. (After stating the foregoing facts.) The plaintiff in error, who will hereinafter be called the defendant, and who was an officer of the police department of the City of Atlanta, was charged by the chief of police in a written charge presented to the police committee, with being "under the influence of intoxicating liquors" at roll call at the police barracks, while in full uniform, at 4 p. m. on February 12, 1940. The charge against the defendant was a violation of a rule adopted by the police committee for the government of the police department of the City of Atlanta which provided that "any member of the department who has been known to have been under the influence of any intoxicating beverages, such as beer [and other described drinks], or any other type of alcoholic drink, or any type of mixed drinks, either while on or off duty, will be dismissed from the force, after due trial and proven guilty by the police committee of council." There is presented no question as to the legality of the proceedings. The police committee was a judicial body, which in the exercise of judicial powers heard the charges and after hearing evidence found the defendant guilty, as charged, of a violation of a rule which had been adopted by the police committee for the government of the police department.

The sole question presented is, did the evidence authorize the finding by the committee that the defendant, at the time alleged, had been under the influence of intoxicating liquor? The testimony of several of the police officers was to the effect that, from

close contact with the defendant, and from observation and from smelling his breath and observing his eyes, he was under the "influence of intoxicating" liquor, but that he was not drunk. The testimony of the chief of police and of the lieutenant was, that based on the defendant's condition, which was that he had been drinking, they would not have consented for him to go out on his beat. It is true that the officers who testified that the defendant was under the influence of intoxicating liquors also testified that he was "not drunk," and that he seemed to be in full possession of his faculties. It is insisted that if the defendant at the time was in full possession of his faculties, notwithstanding he had drunk some intoxicating liquor, he was not under the influence of it. The testimony must be construed in its entirety, and statements therein must be reconciled if possible and not construed as antithetical. The testimony of the officers that the defendant seemed to be in full possession of his faculties, when construed as consistent with their testimony that the defendant was under the influence of intoxicating liquor, must be taken as meaning that the defendant was sane, knew the difference between right and wrong, and had the ability of normal locomotion, etc. The defendant could be in possession of all his faculties in this sense and still be under the "influence" of intoxicating liquor. The evidence of the police officers was sufficient to authorize the police committee to find that the defendant, at the time referred to, had been under the influence of intoxicating liquor, in violation of the rule above quoted. The judge did not err in overruling the certiorari.

*Judgment affirmed.* *Sutton and Felton, JJ., concur.*